UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DARNELL LEVON JOHNSON, | ) |
| Petitioner, | ) ) ) |
| vs. | ) No. 1:17-cv-01930-WTL-TAB ) |
| RDC INDIANA DEPARTMENT OF CORRECTIONS, | ) ) ) |
| Respondent. | ) ) |

**Entry Denying Petition for Writ of Habeas Corpus and Directing Entry of Final Judgment**

The petition of Darnell Johnson for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. RDC 17-02-0028. For the reasons explained in this Entry, Mr. Johnson's habeas petition must be **denied**.

**A.     Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

B.  **The Disciplinary Proceeding**

On February 23, 2017, Officer T. Wilson wrote a Conduct Report charging Mr. Johnson with disorderly conduct. The Conduct Report states:

> On 2-23-17 at approximately 7:50 am I, Officer T. Wilson, was calling out TB reads in North Pod when a misunderstanding with an offender occurred regarding the TB read. At this time, offender Johnson, Darnell #219986 yelled from his cell in North Pod 247 "Shut the fuck up c.o., Beat that c.o.'s ass." I then ordered the offender to stop yelling and causing a disruption in the Pod. The offender Johnson then responded "Roll this door bitch. I'll beat yo ass. I dare you to walk by my door. I'll gunsmoke yo ass." He then kicked his door several times. The offender kept yelling profanities despite repeated orders to stop. I then called the pod Sergeant and upon his arrival offender Johnson was placed in mechanical restrains and escorted to 1st Range.

Dkt. 9-1 at 1.

Mr. Johnson was notified of the charge and received the Screening Report on the same date the Conduct Report was written. He plead not guilty to the charge, requested the Nurse on the range at the time and inmate Joshua Flora as witnesses, and requested video evidence of the incident to show that Officer Wilson "blew a kiss at me." The Nurse provided a witness statement that corroborated Officer Wilson's Conduct Report, while Mr. Flora's witness statement said that he was asleep at that time. Finally, a video evidence review was conducted, and it was concluded that there was "no video recording at the place of th[e] incident." Dkt. 9-2 at 4.

A hearing was held on February 28, 2017. At the hearing, Mr. Johnson stated, "I woke up to North Pod screaming and yelling. I was shaking and sweating due to medical fasting. I did not exhibit any violent or negative behavior. Upon asking for help from the officer, he blew a kiss and then gave me a Conduct Report." Dkt. 9-3 at 1. Based on Mr. Johnson's statement, the staff reports, and the evidence from the witnesses, the hearing officer found Mr. Johnson guilty of disorderly conduct. The sanctions imposed included a thirty-day earned-credit-time deprivation and a suspended credit-class demotion.

Mr. Johnson appealed to Facility Head and the IDOC Final Reviewing Authority, but both of his appeals were denied. He then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**C.     Analysis**

Mr. Johnson raises the following three claims in his habeas petition: (1) he was denied his requested witness statement from inmate Mr. Flora; (2) he was not provided an adequate written basis for the decision; and (3) he was denied the requested video evidence. The respondent argues that Mr. Johnson's first two arguments were not raised in his administrative appeals and are therefore procedurally defaulted. The Court will address the issue of procedural default before turning to the merits of the remaining claims.

*1.     Procedural Default*

To succeed on a petition for a writ of habeas corpus, a petitioner must first "exhaust[] the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). "Indiana does not provide judicial review of decisions by prison administrative bodies, so the exhaustion requirement in 28 U.S.C. § 2254(b) is satisfied by pursuing all administrative remedies." *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). To meet this requirement, a petitioner "must raise the issue at each and every level in the state court system[.]" *Lewis v. Sternes*, 390 F.3d 1019, 1025-26 (7th Cir. 2004). "[W]hen the habeas petitioner has failed to fairly present . . . the claim on which he seeks relief in federal court and the opportunity to raise that claim in state court has passed, the petitioner has procedurally defaulted that claim." *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004).

The administrative appeals process involves, first, an appeal to the Facility Head and, second, an appeal to the IDOC Final Reviewing Authority. Mr. Johnson filed both of these

appeals, but he raised different claims in each. In his first appeal, he argued that (1) he did not receive an adequate written basis for the decision; (2) he was denied the requested video evidence; and (3) he was charged in retaliation for complaining about sexual harassment. *See* dkt. 9-4 at 1. In his second appeal, he argued that (1) he was denied an impartial decisionmaker; (2) he was denied the requested video evidence; (3) Mr. Flora's witness statement was not considered; and (4) he was charged in retaliation for complaining about sexual harassment. *See* dkt. 9-5 at 1. This shows that only two claims were raised at "each and every level in the state court system," *Lewis*, 390 F.3d at 1025-26—namely, his claims about the video evidence and retaliation. Raising a claim in only one of the two appeals is insufficient to adequately exhaust it. *See id.* The respondent is therefore correct that Mr. Johnson's claims that he was denied his requested witness statement from inmate Mr. Flora and that he was not provided an adequate written basis for the decision are procedurally defaulted and cannot form the basis for habeas relief.

Mr. Johnson did not raise his properly exhausted retaliation claim in his habeas petition. This leaves his claim regarding the denial of video evidence as the only properly exhausted claim at issue here.

    2.    *Video Evidence*

Mr. Johnson argues that he was improperly denied video evidence of the incident, which prevented him from adequately defending himself. The respondent contends that because there was no video evidence available, it cannot violate Mr. Johnson's due process rights to not produce any.

Due process requires "prison officials to disclose all material exculpatory evidence," unless that evidence "would unduly threaten institutional concerns." *Jones v. Cross*, 637 F.3d 841, 847 (7th Cir. 2011) (citation and quotation marks omitted). But, as noted above, the officer who was

requested to review the video stated that there was no video recording at the place of the incident. *See* dkt. 9-2 at 4. It cannot violate due process to fail produce evidence that does not exist. *See Colwell v. Knight*, 2016 WL 2989056, *3 (S.D. Ind. 2016) ("The [Prison] Facility cannot produce video that does not exist."); *Foster v. Brown*, 2014 WL 4539984, *2 (S.D. Ind. 2014) ("An inmate does not have the right [under *Wolff*] to evidence that does not exist.").

Accordingly, Mr. Johnson is not entitled to habeas relief on this claim.[1]

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Johnson to the relief he seeks. Accordingly, Mr. Johnson's petition for a writ of habeas corpus must be **denied** and the action dismissed.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 10/11/17

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

---

[1] To the extent that Mr. Johnson's claim is based on a violation of IDOC policy, relief pursuant to § 2254 is available only on the ground that a prisoner "is being held in violation of federal law or the U.S. Constitution." *Caffey v. Butler*, 802 F.3d 884, 894 (7th Cir. 2015). Prison policies, regulations, or guidelines do not constitute federal law; instead, they are "primarily designed to guide correctional officials in the administration of a prison . . . not . . . to confer rights on inmates." *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995). Therefore, claims based on prison policy, are not cognizable and do not form a basis for habeas relief. *See Keller v. Donahue*, 271 Fed. Appx. 531, 532 (7th Cir. 2008); *Rivera v. Davis*, 50 Fed. Appx. 779, 780 (7th Cir. 2002).

Distribution:

DARNELL LEVON JOHNSON
219986
PENDLETON - CIF
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064

Frances Hale Barrow
DEPUTY ATTORNEY GENERAL
frances.barrow@atg.in.gov